# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana


**SEALED**

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

The property known as: Samsung Galaxy Note 8 S/N R38JB07X5KM IMEI 3536390925255938 model SM-N950U; AT&T U304AA cell phone IMEI 863382045217039; Samsung Galaxy Note 3 S/N R31D90YGA1Y IMEI 357572051230966 model SM-N900A, currently located at Homeland Security Investigations, 1250 Poydras Street, New Orleans, LA 70113

Case No. 21-MC-377

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the **Eastern** District of **Louisiana**, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography |
| 18 U.S.C. § 2252(a)(2) | Receipt of Child Pornography |

The application is based on these facts:

See attached Affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Lance M. Tingler
*Applicant's signature*

Special Agent Lance M. Tingler, HSI
*Printed name and title*

Sworn to and electronically subscribed before me, over the telephone, and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d), on this 26th day of February, 2021.

Date: February 26, 2021

*Judge's signature*

City and state: New Orleans, Louisiana

Honorable Donna Phillips Currault, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION FOR A SEARCH WARRANT FOR: | *  NO. 21-MC-377  * |
| THE PROPERTY KNOWN AS: Samsung Galaxy Note 8 S/N R38JB07X5KM IMEI 3536390925255938 model SM-N950U; AT&T U304AA cell phone IMEI 863382045217039; Samsung Galaxy Note 3 S/N R31D90YGA1Y IMEI 357572051230966 model SM-N900A, currently located at Homeland Security Investigations, 1250 Poydras Street, New Orleans, LA 70113 | *  **FILED UNDER SEAL**  *  *  *  *  * |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Lance M. Tingler., being duly sworn, do hereby depose and state:

**INTRODUCTION**

1. I am a Special Agent (SA) with U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) assigned to the Resident Agent in Charge, Houma, LA (RAC/HU). I have been employed with HSI since April 2001. I am a graduate of the Federal Law Enforcement Training Center and as a result of my training and experience as an HSI Special Agent, my duties include (but are not limited to) the investigation and enforcement of Titles 8, 18, 19, 21 and 33 of the United States Code.

2. As part of my duties as an HSI Agent, I investigate criminal violations relating to the sexual exploitation of children pursuant to Title 18, United States Code,

Sections 2251, 2252, and 2252A. During the course of these investigations, I have observed and reviewed examples of child pornography in various forms of media, including computer and cellular telephone media.

3. This affidavit is made in support of an application for a search warrant to search the items listed in Attachment A that belongs to Dillon EVERETT, and seize electronically produced digital data evidence of violations of Title 18, United States Code, Sections 2252 and 2252A, which criminalize the possession, receipt, and transmission of child pornography. The statements contained in this affidavit are based on my experience, training, and background as an HSI Special Agent. I have set forth the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2252 and 2252A(a) are present in the information associated with the items listed in Attachment A.

4. The statements in this affidavit are based, in part, on information provided by the Louisiana Bureau of Investigation (LBI), HSI Special Agents, your Affiant's training and experience, and information obtained from other witnesses. This affidavit is being submitted for the limited purpose of establishing probable cause to support issuing a search warrant and does not include all the facts gathered learned during the course of the investigation.

**BACKGROUND OF INVESTIGATION**

5. Homeland Security Investigations (HSI) Houma, LA is conducting a joint Internet child pornography investigation with the LBI, formerly known as the Louisiana Attorney General's Office, High Tech Crime Unit. LBI investigators received a Cyber

Tipline reports from the National Center for Missing and Exploited Children (NCMEC) from KIK Messenger regarding user with user/screen name "lee3321," email address dlegal591@gmail.com, and Electronic Service Provider (ESP) user ID:lees3321_g62. Kik Messenger is a freeware instant messaging mobile application owned by MediaLab/Kik that allows users to transmit and receive messages, photos, videos, sketches, mobile webpages, and other content.

6. NCMEC Cyber Tipline report number 79630659 identified KIK Messenger user "lee3321" as having uploaded files believed to contain child pornography to a messaging group. LBI received a disk from NCMEC which contained the aforementioned child pornography, reviewed the images, and determined that the files depicted images of prepubescent males and females engaged in sexually explicit activity and/or posed in a sexually explicit manner. The children in the videos are of toddler age to approximately ten (10) years of age.

7. Included in the reports provided by NCMEC was the Internet Protocol (IP) address utilized to upload the child pornographic images to KIK Messenger group. NCMEC Cybertip #79630659 reported on multiple occasions between 09/10/2020 and 09/15/2020 IP address 208.97.43.23 (Login) was used to upload child pornographic files to KiK Messenger.

8. Through further investigation, it has been determined that the aforementioned IP address is registered to Eatel in Louisiana with the geolocation within Lafourche Parish.

9. On November 9, 2020, LBI prepared a Louisiana Department of Justice Subpoena Duces Tecum commanding Eatel to provide the subscriber information for the

following IP addresses: 208.97.43.23 for the time period of September 13, 2020 at 18:36:23 UTC. On November 12, 2020, Eatel complied with the subpoena and provided the following Internet subscriber information regarding IP address 208.97.43.23 for the time period of September 13, 2020 at 18:36:23 UTC. The subscriber information is as follows:

Name: Derrik Bouzinga
Address: 116 Doucet Drive, Golden Meadow, LA
Billing Address: same
Phone: customer does not have EATEL'S telephone service. Contact number is 985-665-7044.
Email: derrikbouzinga@gmail.com
Internet Username: unknown
Account Status: Active since April 2020.
Method of Access to the Internet: Device attached to Eatel equipment (Eatel equipment MAC address 14:c0:3e:d1:af:0c).

10. On November 10, 2020, LBI Agents prepared a search warrant for Google, LLC account for username / Friend ID / userid / account / or any other name for the account identifier, Email: dlegal591@gmail.com, from 08/10/2020 to 11/10/2020. On November 30, 2020, LBI Agents received the response to the search warrant issued for the Google account associated with email address, dlegal591@gmail.com.

Name: D Legal
Email: dlegal591@gmail.com
Recovery SMS: 985-213-2072
Created on: 02/25/2020
Enabled with last logins being 10/21/2020

Agents observed log-in IP history from 08/15/2020 to 10/21/2020 and which utilized three (3) different Android device ID numbers. Google also provided a log of verified devices active on the account. These included a Samsung-SM-9000A and an AT&T U304AA.

>08/30/2020 Email from Google that user signed in with a new Samsung Galaxy Note 8.
>
>09/06/2020 Email from Kik prompting user to change password.
>
>09/07/2020 Email thread in which alfredvoronnicyn@gmail.com asks this user, "Dlegal, hi, are you in Cutoff" and user replied, "yes I am."
>
>09/07/2020 Email from TextMe regarding account, "dlegal5913294"
>
>09/20/2020 Email from MEGA indicating new account with username, "DLee"
>
>10/10/2020 Email from TextMe indicating phone number, 985-243-9520.

Numerous other emails indicating this user to have subscribed to various sex related websites (jerkmatelive, sexfinder, xvideos, delightsexy).

11.  On November 11, 2020, LBI Agents obtained and submitted a social media search warrant for the reported Kik account of "lees3321." The search warrant return for the Kik account revealed the account was registered on 04/22/2020 with an Android device (AT&T U304AA) and the last recorded log-in was on 11/11/2020 from IP address, 208.97.43.23.

12.  On November 30, 2020, LBI Agents submitted a subpoena to AT&T Wireless for the recovery phone number noted in the Google account (985-213-2072). AT&T Internet Services complied with the subpoena and provided the following Internet subscriber information regarding phone number 985-213-2072 for the time period of 10/06/2017 at 11:40:01 UTC. The subscriber information is as follows:

Name: Dillon Everett
Address 1: 116 Doucet Dr, Golden Meadow, LA 70357
Contact Home Email: DERRIKBOUZIGA@gmail.com
MSISDN (Phone #): (985) 213-2072
MSISDN Active: 01/12/2020-current
Payment type: prepaid

13.     A review of law enforcement databases indicated that Dillon James Everett (B/M) DOB 04/08/1987) is a registered sex offender in the State of Louisiana and currently reports 116 Doucet Dr, Golden Meadow, LA 70357 as his current address. Further investigation revealed that EVERETT was previously convicted in the 17th Judicial District Court for the Parish of Lafourche for the violation of Pornography involving Juveniles.

14.     On December 1, 2020, LBI obtained a search warrant in the 17th Judicial District Court of the State of Louisiana, Lafourche Parish to search for evidence related to the violation of Louisiana Revised Statute (LRS) 14:81.1, Pornography Involving Juveniles at 116 Doucet Drive, Golden meadow, LA.  On December 2, 2020, LBI, in conjunction with RAC/HU, and Lafourche Parish Sheriff's Office executed the previously mentioned search warrant and conducted a thorough and diligent search of the residence and located various electronic media, including: (1)Samsung Galaxy Note 8, (1) AT&T U304AA cell phone, and (1) Samsung Galaxy Note 3.

15.     Contact was made with Dillon EVERETT who was advised of his *Miranda* rights and stated that he understood his rights and would voluntarily waive his rights in order to make a statement without an attorney present.  EVERETT admitted the reported Kik account and email address were his and that he maintains child pornography on his electronic equipment. EVERETT advised that a cellular phone was located in a hidden space within the residence that was later located and seized by agents. EVERETT stated that the phone was his and provided the password. EVERETT stated that he has shared child pornography within Kik groups and that he searched for, saved and traded these images for sexual gratification.

16.     HSI and LBI conducted an onsite computer forensic preview of Dillon EVERETT's electronic media which revealed both known images and videos of child pornography. The search was concluded, and electronic devices maintained and controlled by EVERETT were seized by LBI and subsequently turned over to HSI for further analysis as listed in Attachment "A."

17.     The items described in Attachment A, are now currently located at Homeland Security Investigations, 1250 Poydras Street, New Orleans, LA 70113.

18.     HSI intends to conduct a complete computer forensic examination of the items described in Attachment A upon the granting of the search warrant application.

## CHILD PORNOGRAPHY COLLECTOR CHARACTERISTICS

19.     Based on my knowledge and experience, individuals who collect child pornography are sexually attracted to children, their sexual arousal patterns and erotic imagery focus, in part or in whole, on children. The collection may be exclusively dedicated to children of a particular age/gender or it may be more diverse, representing a variety of sexual preferences, including children. Child pornography collectors express their attraction to children through the collection of sexually explicit materials involving children as well as other seemingly innocuous material related to children.

20.     These individuals may derive sexual gratification from actual physical contact with children as well as from fantasy involving the use of pictures or other visual depictions of children or from literature describing sexual contact with children. The overriding motivation for the collection of child pornography may be to define, fuel, and validate the collector's most cherished sexual fantasies involving children.

21. Visual depictions may range from fully clothed depictions of children engaged in non-sexual activity to nude or partially nude depictions of children engaged in explicit sexual activity. In addition to child pornography, these individuals are also likely to collect other paraphernalia related to their sexual interest in children. This other material is sometimes referred to as "child erotica" which is defined as any material, relating to children, that serves a sexual purpose for a given individual. It is broader and more encompassing than child pornography, but at the same time the possession of such corroborative material, depending on the context in which it is found, may be behaviorally consistent with the offender's orientation toward children and indicative of his intent. It includes things such as fantasy writings, letters, diaries, books, sexual aids, souvenirs, toys, costumes, drawings, cartoons and non-sexually explicit visual images.

22. Child pornography collectors reinforce their fantasies, often by taking progressive, overt steps aimed at turning the fantasy into reality in some or all of the following ways: collecting and organizing their child-related material; masturbating while viewing the child pornography; engaging children, online and elsewhere, in conversations, sometimes sexually explicit conversations, to fuel and fortify the fantasy; interacting, both directly and indirectly, with other like-minded adults through membership in organizations catering to their sexual preference for children thereby providing a sense of acceptance and validation within a community; gravitating to employment, activities and/or relationships which provide access or proximity to children; and frequently persisting in the criminal conduct even when they have reason to believe the conduct has come to the attention of law enforcement. These are need-driven

behaviors to which the offender is willing to devote considerable time, money, and energy in spite of risks and contrary to self-interest.

23. The collection may include sexually explicit or suggestive materials involving children, such as photographs, magazines, narratives, motion pictures, video tapes, books, slides, drawings, computer images or other visual media. The collector is aroused while viewing the collection and, acting on that arousal, he often masturbates thereby fueling and reinforcing his attraction to children. This is most easily accomplished in the privacy of his own home.

24. Because the collection reveals the otherwise private sexual desires and intent of the collector and represents his most cherished sexual fantasies, the collector rarely, if ever, disposes of the collection. The collection may be culled and refined over time, but the size of the collection tends to increase. Individuals who use a collection in the seduction of children or to document that seduction treat the materials as prized possessions and are especially unlikely to part with them. Even if a child pornography collector does delete files from his hard drive or other electronic media, a computer expert can still retrieve those files using forensic tools.

## STATUTORY AUTHORITY

25. This investigation concerns alleged violations of Title 18, United States Code, § 2252(a)(2) (attempted receipt of a visual depiction involving the use of a minor engaging in sexually explicit conduct) and Title 18, United States Code, § 2252(a)(4)(B) (Possession of a visual depiction involving the use of a minor engaging in sexually explicit conduct);

Title 18, United States Code, § 2252(a)(2) provides in pertinent part that:

> Any person who knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct... is guilty of a crime.

Title 18, United States Code, § 2252(a)(4)(B) provides in pertinent part that:

> Any person who knowingly possesses 1 or more books, magazines, periodicals, films, video tapes or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct; shall be punished as provided in section (b) of this section.

## CONCLUSION

26. Based on the aforementioned factual information, your Affiant respectfully submits that there is probable cause to believe that contraband, evidence, fruits and instrumentalities of violations of Title 18, United States Code, § 2252(a)(2) (attempted receipt of a visual depiction involving the use of a minor engaging in sexually explicit conduct) and Title 18, United States Code, § 2252(a)(4)(B) (possession of a visual depiction involving the use of a minor engaging in sexually explicit conduct) will be found on the items listed in **Attachment A**. The facts indicate that on December 2, 2020, child pornography was found on electronic media maintained by EVERETT during the execution of a search warrant obtained in the 17th Judicial District Court of the State

of Louisiana, Lafourche Parish. Furthermore, EVERETT confessed to having intentionally possessed and viewed images and videos of child pornography.

27. Your Affiant, therefore, respectfully requests that the attached warrant be issued authorizing the search of the items in **Attachment A** and seizure of the items described further in **Attachment B**.

Respectfully submitted

/s/ *Lance M. Tingler*
Lance M Tingler
Special Agent
Homeland Security Investigations

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Sworn to and electronically subscribed before me, over the telephone, and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d), on this 26th$^d$ day of February, 2021.

HONORABLE DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

The following items are now currently located at Homeland Security Investigations, 1250 Poydras Street, New Orleans, LA 70113:

1) Samsung Galaxy Note 8 S/N R38JB07X5KM IMEI 3536390925255938 model SM-N950U

2) AT&T U304AA cell phone IMEI 863382045217039

3) Samsung Galaxy Note 3 S/N R31D90YGA1Y IMEI 357572051230966 model SM-N900A

## **ATTACHMENT B**

## **LIST OF ITEMS TO BE SEARCHED FOR AND SEIZED**

This affidavit is in support of an application for a warrant to search the items listed in Attachment A for records and materials evidencing a violation of Title 18, United States Code, Sections 2252 and 2252A, which criminalizes, in part, the possession, receipt and transmission of child pornography (defined in 18 U.S.C. § 2256), as more specifically identified below:

1. images, videos, and other recordings of visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18 U.S.C. § 2256;

2. information or correspondence pertaining to the possession or attempted distribution of visual depiction of minors engaged in sexually explicit conduct, as defined in Title 18 U.S.C. § 2256, that were transmitted or received using the items listed in Attachment A, including, but not limited to;

    a. electronic mail, chat logs, and electronic messages, that establish possession, access to, or transmission through interstate or foreign commerce of visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18 U.S.C. § 2256; and

    b. records found on the items listed in Attachment A relating to the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind involving the transmission through interstate or foreign commerce of any visual depiction of minors engaged in sexually explicit conduct as defined in Title 18 U.S.C. § 2256.